IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ACUITY INSURANCE COMPANY,<br>a mutual insurance company,<br><br>Plaintiff,<br><br>vs.<br><br>GATEWAY HOUSING, L.P.<br>Serve: 1045 Logan Street<br>Madison, Illinois 62060<br>(Madison County, Illinois)<br><br>and<br><br>MORRISSEY CONSTRUCTION COMPANY,<br>Serve: 705 Southmoor Place<br>Godfrey, Illinois 62035<br>(Madison County, Illinois)<br><br>and<br><br>JEFF THERRIEN CONSTRUCTION, LLC, d/b/a GITTEMEIER THERRIEN CONSTRUCTION, LLC,<br>Serve: 7 Cherokee Drive<br>St. Peters, Missouri 63376<br>(St. Charles County, Missouri)<br><br>Defendants. | ) | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW plaintiff and files its Complaint for Declaratory Judgment and states as follows:

1. Plaintiff is a corporation organized and existing under the laws of the State of Wisconsin with its principal office and place of business in the County of Sheboygan, State of

Wisconsin. Plaintiff was and is duly licensed by the State of Missouri to engage in the insurance business in the State of Missouri.

2. Defendant Gateway Housing L.P. is a Limited Partnership, organized and existing under the laws of the State of Illinois with its principal office and place of business in Madison County, Illinois.

3. Defendant Morrissey Construction Company is a corporation organized and existing under the laws of the State of Illinois with its principal office and place of business in Madison County, Illinois.

4. Defendant Jeff Therrien Construction, LLC, d/b/a Gittemeier Therrien Construction LLC is a Missouri Corporation organized and existing under the laws of the State of Missouri with its principal office and place of business in St. Charles County, Missouri.

5. This Complaint for Declaratory Judgment is brought pursuant to Title 28 U.S.C. §2201 and is solely between citizens and residents of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

7. Plaintiff issued its Commercial General Liability Insurance Policy No. K88464 to Jeff Therrien Construction LLC, d/b/a Gittemeier Therrien Construction LLC (Therrien) for the period 3-17-13 to 3-17-14. A copy of the policy is attached hereto and made a part hereof, Exhibit 1.

8. Policy K88464 includes the following provisions relevant to this matter:

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies ……..

b. This insurance applies to bodily injury and property damage only if:

(1) The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory.

2. **EXCLUSIONS**

This insurance does not apply to:

j. **Damage to Property**

Property damage to:

(6) That particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to property

damage included in the products-completed operations hazard.

l. **Damage to Your Work**

Property damage to your work arising out of it or any part of it and included in the products-completed operation hazard.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

FUNGI OR BACTERIA EXCLUSION CG-2167F

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

1. The following exclusion is added to Paragraph 2, Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:

**Fungi or Bacteria**

a. Bodily injury or property damage which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, or presence of,

any fungi or bacteria on or within a building or structure, including its contents regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, fungi or bacteria, by any insured or by any other person or entity.

* * * * * *

3. The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

EXCLUSION – HABITATIONAL EXTERIOR FINISH SYSTEMS CG-7278

This exclusion excludes damage arising out of habitational exterior finish systems as set out in detail in endorsement CG-7278, part of Exhibit 1. Copy of endorsement, Exhibit 2.

ADDITIONAL INSURED – COMPLETED OPERATIONS – PRIMARY AND NONCONTRIBUTORY AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU (OWNERS, LESSEES OR CONTRACTORS) CG-7274(5-05)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. Section II – Who Is An Insured is amended to include as an additional insured any person(s) or organization(s) for whom you have performed operations if you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be added as an additional insured on your policy for completed operations.

Such person or organization is an additional insured only with respect to liability included in the products-completed operations hazard for bodily injury or property damage caused, in whole or in part, by your work performed for that additional insured at the location designated and described in the contract or agreement.

* * * * * *

3. The insurance provided by this endorsement is primary and noncontributory.

SECTION V – DEFINITIONS

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damage" means:

a. Physical injury to tangible property including all resulting loss of use of that property.

9. Defendant Morrissey Construction Company is an additional insured under Policy K88464 pursuant to the provisions of said policy and endorsement CG7274.

10. Defendant Morrissey Construction Company entered into a contract with defendant Gateway Housing LP to construct certain apartments in Madison, Illinois and in Venice, Illinois. Morrissey subcontracted part of the work to defendant Therrien.

11. On or about March 27, 2017 Gateway Housing L.P. filed a COMPLAINT in the Circuit Court of Madison County, Illinois, against Morrissey Construction Company, et al, Cause No. 17-L-427. A copy of said COMPLAINT is attached hereto and made a part hereof, Exhibit 3.

12. Defendant Morrissey Construction Company has tendered to plaintiff the defense of the COMPLAINT filed by Gateway Housing L.P., under Policy K88464.

13. Policy K88464 does not provide coverage for Morrissey for the matters set out in the COMPLAINT filed by Gateway Housing L.P. and plaintiff does not owe Morrissey a defense of said COMPLAINT for the following reasons:

a. Gateway Housing L.P. has filed suit against Morrissey for breach of contract. Breach of contract is not an "occurrence" as required by Policy K88464. Gateway Housing L.P. has failed to allege facts giving rise to an "occurrence";

b. Policy K88464 provides coverage for "property damage" as defined by the policy. Defective workmanship is not "property damage";

c. Coverage for property that must be repaired or replaced because "your work was incorrectly performed on it" is excluded by exclusion J(6);

d. Property damage to "your work" is excluded under exclusion l;

e. The COMPLAINT alleges that damage to the apartment building was caused by mildew or mold, requiring mold remediation; Damage by "mold or mildew" is excluded by FUNGI OR BACTERIA EXCLUSION CG-2167F

f. The COMPLAINT alleges that: "33. Morrissey breached the construction contract when it failed to properly install the Zip System wall sheathing and properly install Zip System tape over the joints resulting in damage to the buildings." The Zip System is a Habitational Exterior Finish System. Exclusion CG-7278 excludes damage arising out of the use of Habitational Exterior Finish Systems.

14. Plaintiff further states there exists an actual controversy between plaintiff and defendants with regard to Morrissey Construction Company's claim against plaintiff for a defense to the COMPLAINT filed by Gateway Housing L.P.

15. By reason of said controversy, plaintiff is in peril of damage or loss unless said policy of insurance is properly construed and the rights of the parties herein are declared, adjudicated and determined in this matter.

WHEREFORE, plaintiff ACUITY Insurance Company prays judgment as follows:

1. There is no coverage under Policy K88464 for Morrissey Construction Company because of the matters and claims set out in the COMPLAINT filed by Gateway Housing L.P. for the reasons set out herein.

2. Plaintiff has no duty or obligation to provide a defense to Morrissey Construction Company to the COMPLAINT filed by Gateway Housing L.P.

3. For costs.

/s/ Christopher P. Leritz
Christopher P. Leritz, #6320052
LERITZ & PLUNKERT, P.C.
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
cleritz@leritzlaw.com
(314) 231-9600
(314) 231-9480 - Facsimile

ATTORNEYS FOR PLAINTIFF